**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | **CASE NO: 1:18-CR-308** |
| | ) | |
| v. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **MARWAN J. LITTLE,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Before the Court is Defendant Marwan J. Little's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Immediate Compassionate Release, **Doc #: 24**. For the following reasons, Little's Motion, **Doc. #: 24**, is **GRANTED**.

**I.    Background**

Little pleaded guilty to being a felon in possession of a firearm in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2) and subsequently was sentenced to 30 months custody of the Bureau of Prisons. Doc. #: 20. Little currently is held at FMC Lexington. He has made a request to the warden for compassionate release due to COVID-19, which the warden received on April 23, 2020.[1] The government states the request to the warden is under review. Doc. #: 27 at 2.

Due to the heightened risk posed to him by confinement during the COVID-19 pandemic, Little asks the Court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] Little states the request was made on April 20, 2020. Doc. #: 24 at 12. The government states the request was made on April 23, 2020. Doc. #: 27 at 2. For the purposes of this Motion, the Court treats the request as received by the warden on April 23, 2020.

1

## II. Discussion

### a. Exhaustion

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

The government argues Little has not satisfied this statutory exhaustion requirement and therefore the Court may not consider the Motion. Doc. #: 27 at 4. It is true that as of the date of Little's Motion and the government's response, less than 30 days had passed since the warden received Little's request and therefore this provision was not satisfied. However, as of the date of this Order, 30 days have lapsed since the warden received Little's request. Thus, the statutory requirement is satisfied and the Court will consider the merits of the Motion.

### b. Sentence modification

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *See United States v. Hardin*, No. 19-cr-240, Doc. #: 25 at 4 (N.D. Ohio May 22, 2020).

#### 1. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four circumstances. *See* USSG § 1B1.13 comment. (n.1). This Court looks only to the fourth circumstance, labeled "other reasons," to assess motions by inmates seeking sentence modification

due to COVID-19. *Hardin*, No. 19-cr-240, Doc. #: 25 at 5–6.[2] To determine whether "other reasons" warrant modification, the Court considers whether: (1) the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *See Hardin*, No. 19-cr-240, Doc. #: 24 at 6–7.

Little argues his severe and well documented medical issues place him at higher risk of serious illness from COVID-19. Little previously underwent a kidney transplant and takes immunosuppressant medication. Doc. #: 24 at 11 (citing Presentence Investigation Report, Doc. #: 16 at ¶¶ 64–68). The Centers for Disease Control and Prevention states individuals with weakened immune are at higher risk of severe illness from COVID-19. Solid organ transplant and use and immunosuppressants can weaken a person's immune system. *If You Are Immunocompromised, Protect Yourself From COVID-19*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/immunocompromised.html. Thus, the Court finds Little is at high risk of severe illness due to COVID-19.

The government states approximately 1,400 inmates are housed at FMC Lexington. Doc. #: 27 at 7. As of May 22, 2020, the BOP reports 212 inmates at FMC Lexington have tested positive for COVID-19 and 4 inmates have died. *Covid-19 Coronavirus,* FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. This represents 15% of the inmate population and is a marked increase from the 57 reported inmate cases at the time Little filed the Motion two weeks ago. The Court recognizes the BOP has implemented measures to protect inmates. *See* Doc. #: 27 at 7. Despite these efforts, though, FMC Lexington still is experiencing a severe outbreak that endangers vulnerable inmates such as Little.

---

[2] The Court rejects the government's implication that this circumstance is inapplicable to Little's Motion. *See Hardin* No. 19-cr-240, Doc. #: 25 at 5–6.

Based on the high risk to Little and the circumstances at FMC Lexington, the Court finds extraordinary and compelling reasons warrant a sentence modification.

### 2. Danger to the Safety of any Other Person or the Community

The government makes only a brief suggestion that Little must remain confined in order to protect the public because he has 18 prior convictions. Doc. #: 27 at 7. The government does not expressly argue Little poses a "danger to the safety of any other person or to the community." USSG § 1B1.13(2). Thus, the Court does not find as such, particularly where Little will be subject to home confinement upon release.

### 3. Section 3553(a) Factors

As a general rule, this Court finds that § 3553(a) factors favor release where a high-risk defendant is held in a prison experiencing a COVID-19 outbreak and has less than 12 months remaining on their sentence. *See Hardin*, No. 19-cr-240, Doc. #: 25 at 7–8. High-risk defendants living in fear during a COVID-19 outbreak in their facility experience an incarceration significantly more laborious than before COVID-19. *Id.* at 8 (citing *United States v. Beck*, No. 1:13-cr-186-6, 2019 U.S. Dist. LEXIS 108542, at *32 (M.D.N.C. June 28, 2019)). The laborious nature of this incarceration causes the § 3553(a) factors to favor release before the defendant was served his or her full sentence. *Id.*

On January 8, 2019, this Court sentenced Little to 30 months imprisonment, deferred until after the BOP confirmed it could handle Little's medical care, which it did on February 5, 2019. Doc. ##: 19, 20. Little has an anticipated release date of May 20, 2021, which is just under 12 months away. And the changed circumstances of confinement during the COVID-19 outbreak instruct that Little does not need to serve the remainder of the sentence to satisfy the purpose of punishment. Thus, a reduction in his sentence is appropriate under § 3553(a).

### III. Conclusion

For the foregoing reasons, the Court finds Little has demonstrated extraordinary and compelling reasons warranting a sentence reduction; he is not a danger to the safety of any other person or the community; and a reduction is appropriate considering the § 3553(a) factors.

Accordingly, the Motion, **Doc #: 24**, is **GRANTED**. It is hereby **ORDERED** that Little's term of imprisonment is reduced to time served. It is further **ORDERED** that the BOP shall immediately release Little from custody. Simultaneously herewith, the Court will enter an Amended Judgment imposing a sentence of "time served," and requiring six months of home confinement and electronic monitoring as an additional condition of supervised release.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster May 23, 2020*
**Dan Aaron Polster**
**United States District Judge**